UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SL FUS of HOUSTON, L.L.C., a/k/a SIGHTLINE of HOUSTON, L.L.C., a/k/a SIGHTLINE of HOUSTON, L.P., EHP, L.L.C., *et al.*, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-2066 |
| INSIGHTEC–TXSONICS, INC., a/k/a INSIGHTEC–IMAGE GUIDED TREATMENT, L.T.D., a/k/a INSIGHTEC, INC., *et al.*, | § § § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs' Motion to Remand [Doc. # 9], to which Defendants GE Healthcare [Doc. # 18] and Insightec, Inc. [Doc. # 20] filed Responses in Opposition. Plaintiffs filed a Reply [Doc. # 24], and Defendants filed a Joint Sur-reply [Doc. # 33]. Having considered the full record and the applicable legal authorities, the Court concludes that it lacks subject matter jurisdiction over this dispute and **grants** the Motion to Remand.

## I.     FACTUAL BACKGROUND

In 2005, Defendant InSightec-TXSonics, Inc., a/k/a InSightec–Image Guided Treatment, L.T.D., a/k/a InSightec, Inc. ("InSightec")[1] sold Plaintiff SL FUS of Houston, L.L.C., a/k/a Sightline of Houston, L.L.C., a/k/a Sightline of Houston, L.P. ("SL FUS") an ExAblate 2000, a highly advance surgical device.  The ExAblate 2000 is designed for conducting Magnetic Resonance guided–Focused Ultrasound Surgery ("MRgFUS") and allows patients to undergo surgical ablation of internal lesions or tumors, such as uterine fibroids, without incisions or ionizing radiation.[2]  Plaintiffs assert that Defendants promised both to do the necessary clinical trials to get insurance carriers to reimburse MrgFUS and to include Plaintiffs in those clinical trials. Plaintiffs assert claims for fraud in the inducement, fraud, and negligent misrepresentation against Defendants collectively.[3]

---

[1]   Defendant InSightec asserts that its proper name is InSightec, Inc.  *See* Doc. # 20, at 1.

[2]   The ExAblate 2000 was approved by the FDA in 2004 for the treatment of uterine fibroids and is currently in use for that purpose all over the world.  Doc. # 20, at 2.

[3]   *See generally* Plaintiff's First Amended Original Complaint [Doc. # 1-1 Exh. 5, Ex. B] ("First Amended Complaint").  This was originally filed as "Third Party Plaintiff's First Amended Original Petition."  After the case was removed, Plaintiff filed a Second Amended Complaint [Doc. # 15].  Generally, a court determines diversity jurisdiction on the basis of the complaint as it existed at the time of removal.  See *Cavallini v. State Farm*, 44 F.3d 256, 259-60 (5th Cir. 1995).

This action was originally filed as third-party claims by SL FUS in a pending lawsuit in Texas state court.[4] On June 11, 2010, Insightec filed a timely Notice of Removal [Doc. # 1] on the basis of diversity jurisdiction, contending that five defendants were improperly joined to defeat diversity, and that Insightec, which Plaintiffs alleged had its principal place of business in Dallas, Texas, actually had its principal place of business in Israel.[5] It is undisputed that of the five defendants Insightec alleged were fraudulently joined, only two of them, Nadir Alikacem ("Alikacem") and Arthur Chan ("Chan"), are non-diverse. Defendants assert that Alikacem and Chan were improperly joined and, as a result, their citizenship should not be considered in the diversity jurisdiction analysis.

Plaintiffs filed a Motion for Remand [Doc. # 9], in which they argue that Alikacem and Chan were not improperly joined based on their Second Amended Complaint. Defendants argue in response that Plaintiff could not rely on the Second Amended complaint in seeking remand and, alternatively, that Plaintiff's First Amended Complaint did not support a remand. The Motion is now ripe for decision.

---

[4] The Texas state court severed the underlying lawsuit from the third party action on June 8, 2010. *See* Doc. # 1, ¶ 4.

[5] Plaintiffs now do not dispute that, under new legal authority, Insightec's principal place of business is Israel. *See Hertz v. Friend*, 130 S. Ct. 1181 (2010).

## II.     REMOVAL STANDARD

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377), *accord*, *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 832 (E.D. Tex. 2008). *See also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

Defendants assert that Alikacem and Chan were improperly joined and that, as a result, the Court should disregard their Texas citizenship for purposes of diversity jurisdiction. A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or the removing defendant demonstrates that plaintiff cannot establish a cause of action against the non-diverse defendant. *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.

2007)). There is no allegation of actual fraud in Plaintiffs' pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). The party asserting improper joinder bears a heavy burden of persuasion. *Id.* at 514. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). Generally, if the plaintiff could survive a Rule 12(b)(6) challenge, joinder is not improper. *See Smallwood*, 385 F.3d at 573.

### III.    **IMPROPER JOINDER ANALYSIS**

Plaintiffs' Motion to Remand relies upon the facts as pleaded in the Second Amended Complaint. Defendants argue that Plaintiffs' First Amended Complaint, which was on file in state court at the time of removal, is the only pleading the Court can consider in determining removal. Though the parties devote much of their briefing to this issue, the Court need not address it, as the Court finds that Plaintiffs

have stated a plausible claim against Defendants Alikacem and Chan under the First Amended Complaint. Accordingly, remand is warranted.

Plaintiffs assert fraud in the inducement, fraud, and negligent misrepresentation against all Defendants collectively.[6] Plaintiffs assert the following factual basis for these allegations against Alikacem and Chan:

> In January of 2009, Arthur Chan made representations at the "Site Success Plan" presentation to Third Party Plaintiff T.J. Farnsworth regarding the completion of clinical trials to obtain acceptance among health insurers to provide reimbursement. After this presentation by Arthur Chan, Nadir Alikacem made representations that the planned fertility trial to be funded and completed by Insightec would answer the questions [of] health insurers and 3rd party payors that would clear the way for reimbursement for the MRgFUS procedures for patients of Third Party Plaintiffs. Based on information and belief, Third Party Plaintiffs have now learned that the fertility trial has since been terminated.[7]

Defendants argue that Plaintiffs have no reasonable basis for recovery against Alikacem or Chan, and therefore that they were improperly joined, for several specific reasons, namely: (i) that Plaintiffs could not have relied on statements made in 2009 in deciding to purchase the ExAblate in 2005; (ii) that promises of future performance cannot give rise to a negligent misrepresentation claim; (iii) that Plaintiffs have not alleged that Alikacem's or Chan's statements were actually false; (iv) that upon

---

[6] *See* First Amended Complaint, ¶¶ 6.01-6.03.

[7] *See id.* ¶ 5.07.

"piercing the pleadings," there is no evidence to support Plaintiffs' allegations regarding Alikacem and Chan; (v) that the statements are at most inactionable opinions about future events; and (vi) that the statements are inactionable because they are indefinite and ambiguous.

The Court finds these arguments unpersuasive, and finds that Defendants have not met their heavy burden of persuasion to show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)).

Under Texas law, the elements of fraud are: "(1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 563 (5th Cir. 2002) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex.1998)). Furthermore, under Texas law, "a corporate agent can be held individually liable for fraudulent statements or knowing misrepresentations even

when they are made in the capacity of a representative of the corporation." *Kingston v. Helm*, 82 S.W.3d 755, 758-59 (Tex. App.—Corpus Chirsti 2002, pet. denied).

Defendants have failed to prove that under Texas substantive law, and Texas pleading standards,[8] Plaintiffs have no reasonable basis to recover for fraud against Alikacem or Chan. Plaintiffs assert that in January 2009, Chan "made representations [to Plaintiffs] regarding the completion of clinical trials to obtain acceptance among health insurers to provide reimbursement."[9] Plaintiffs assert that Alikacem then "made representations that the planned fertility trial to be funded and completed by Insightec would answer the questions that health insurers and 3rd party payors that [sic] would clear the way for reimbursement for the MRgFUS procedures."[10] Under Texas law, statements of future performance can be actionable fraud. *See Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998) ("A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made.").

---

[8] Defendants' argument that Plaintiffs are required and have failed to plead their fraud claims with particularity under Federal Rule of Civil Procedure 9(b) is insufficient to prove a claim of improper joinder. *See Murphy v. Broyhill Furniture Indus., Inc.*, No. 3:08-cv-2092, 2009 WL 1543918, at *5 (N.D. Tex. 2009) ("The question presented to the court in a motion to remand based on improper joinder is not one of sufficiency of the pleadings under federal procedural rules, but rather the plausibility of a plaintiff's claim under applicable state law against an in-state defendant.").

[9] *See* First Amended Complaint, ¶ 5.07.

[10] *Id.*

Plaintiffs alleged Defendants' intent not to perform in their First Amended Complaint.[11] Additionally, statements of opinion can give rise to an actionable fraud claim under Texas law. *See Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983) ("An expression of an opinion as to the happening of a future event may also constitute fraud where the speaker purports to have special knowledge of facts that will occur or exist in the future."); *see also id.* ("An opinion may constitute fraud if the speaker has knowledge of its falsity."). The Court finds that there is a reasonable basis to predict that Texas courts could find that these statements constitute actionable misrepresentations.

Plaintiffs later assert that collectively, "Third Party Defendants['] conduct described above after purchase of the ExAblate 2000 constitutes Fraud" because "Plaintiffs relied upon the representations . . . and such representations were material."[12] Plaintiffs further allege that "Defendants knew that such representations were false, but made such representations with the intent that [Plaintiffs] rely upon them."[13] Although Plaintiffs acknowledge that they could not have relied upon the

---

[11] First Amended Complaint, ¶ 6.02.1 ("The promise of future performance by Third-Party Defendants was made with an intent, at the time of those promises, to not perform as promised.").

[12] *Id.* ¶ 6.02.1.

[13] *Id.*

2009 statements in deciding to purchase the ExAblate 2000 in 2005,[14] they allege in their First Amended Complaint additional expenses which plausibly could have been incurred after 2009.[15] Thus, Plaintiffs have alleged all the required elements for a fraud claim under Texas law against Alikacem and Chan.

In the improper joinder analysis, the pleadings must be viewed in the light most favorable to the plaintiffs and all ambiguities about the pleadings and state law are to be decided in favor of the plaintiffs. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005). The Court finds that the allegations stated in the First Amended Complaint plausibly state a claim for fraud under Texas law against Alikacem and Chan and therefore that Defendants have failed to prove that there is no reasonable basis for Plaintiffs to recover against Alikacem and Chan for fraud.

Defendants ask the Court to "pierce the pleadings" and attach affidavits from Defendants Alikacem and Chan to their Response.[16] "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at

---

[14] *See* Doc. # 24, at 15-16.

[15] *See* First Amended Complaint, ¶ 6.02.2 ("As a direct and proximate result of the foregoing fraudulent misrepresentations, [Plaintiffs] have suffered significant financial damages well in excess of the purchase price of the ExAblate 2000, including costs for hiring and training appropriate staff, marketing costs, lease space, and the requisition of the G.E. MRI that was required for the ExAblate 2000.").

[16] *See* Doc. # 20-1, Exhs. B & C.

573-74. Defendants argue that there is no basis for predicting that Plaintiffs can produce evidence to recover against Alikacem and Chan because insurance reimbursement was wholly outside of their job descriptions.[17] Plaintiffs dispute Defendants' interpretation of these affidavits.[18] This factual dispute is inappropriate for resolution in the remand motion context. In deciding a motion to remand, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. A review of the parties' submissions demonstrates there are various fact issues presented by the evidence that go directly to the merits of this case. "The Fifth Circuit has held that a defense upon which fraudulent joinder is based that requires a determination of the merits should be disposed of by the state court." *Moore v. Ford Motor Co.*, No. 08-02092, 2008 WL 3981839, at *3 (S.D. Tex. Aug. 22, 2008) (quoting *Reynolds v. Ford Motor Co.*, No. 5:04-CV-085-C, 2004 WL 2870079, at *4 (N.D. Tex. Dec. 13, 2004) (citing *Smallwood*, 342 F.3d at 405)). This is a strong indication that remand is warranted. *Smallwood*, 385 F.3d at 574 ("[T]he inability to make the requisite decision [regarding an alleged improper joinder] in a summary manner itself points to an inability of the removing party to carry its burden.").

---

[17]  *See* Doc. # 20, at 14-16.

[18]  *See* Doc. # 24, at 9-10.

Having considered the factual allegations in the First Amended Complaint and the applicable case authorities, the Court concludes that Plaintiffs might be able to recover against Alikacem or Chan under Texas law.  Consequently, the Court holds that Alikacem and Chan were not improperly joined.  Because Alikacem and Chan are citizens of Texas, there is no longer complete diversity of citizenship in this case.  As a result, this Court lacks subject matter jurisdiction, and Plaintiffs' Motion to Remand is granted.

### IV.     CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Defendants have not satisfied their heavy burden to establish that Alikacem and Chan were improperly joined as defendants in this case.  As a result, the Court will not disregard their Texas citizenship and concludes there is not complete diversity in this case.  Consequently, it is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 9] is **GRANTED**.

SIGNED at Houston, Texas, this **8th** day of **October, 2010**.

_____
Nancy F. Atlas
United States District Judge